**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LARRY KEITH PFEIL,

    Defendant-Appellant.

No. 96-5225

(D.C. No. 96-CR-60-C)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

Defendant Larry Pfeil pleaded guilty to possession of firearms and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1), 921(a)(3), and 924(a)(2). He was subsequently sentenced to 41 months imprisonment. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The only issue presented by this direct appeal is whether the district court abused its discretion by failing to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

consider a concurrent or partially concurrent sentence under § 5G1.3(c) of the Sentencing Guidelines. Finding that the district court did consider the potential imposition of a concurrent or partially concurrent sentence, we find no abuse of discretion and affirm.

It is well settled that a district court "retains discretion in choosing whether to impose a consecutive or concurrent sentence." United States v. McCarty, 82 F.3d 943, 951 (10th Cir. 1996), cert. denied, 117 S. Ct. 257. However, this discretion is circumscribed by 18 U.S.C. § 3553(a) and U.S.S.G. §5G1.3. Id. at 950. Thus, our review is for an abuse of discretion. See id. at 951.

After examining the record, briefs, Pre-Sentence Report, and all other materials before us, it becomes obvious that the district court was fully aware of his sentencing options under U.S.S.G. § 5G1.3(c) and exercised his discretion in imposing a consecutive sentence upon the defendant. Accordingly, we find no reversible error.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

2